UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES BARRETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00132-WTL-WGH |
| ) | |
| RICHARD BROWN, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

On March 11, 2015, James Barrett, an Indiana prisoner, was charged with No. WVE-15-03--0047 with violating prison conduct rules by refusing to submit to testing. Specifically, the conduct report recites that in the early afternoon of that date Barrett was instructed to submit to a drug screen, that Barrett was given two hours in which to do so, was given a cup of water, and then left from his housing unit after failing to provide an adequate urine specimen. The following day, Barrett was given a copy of the conduct report and notified of his rights in connection with the matter.

A hearing on the charge was conducted on March 18, 2015. Barrett was present at the hearing and made a statement concerning the charge. Written statements from officers who were present during the supposed urine specimen collection were also submitted. The hearing officer considered these statements, together with the conduct report itself, and found Barrett guilty of the charged violation. Barrett was sanctioned, and this action was filed after his administrative appeal was rejected.

In a setting such as presented by Barrett, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Barrett received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Barrett was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Barrett's contentions otherwise are either irrelevant to the natter or are refuted by the expanded record. He is not entitled to relief based on them. For example, Barrett complains that the reporting officer supplied a statement which contained more detail that did the conduct report, but the statement at the hearing was relevant to the charge and no principle at work here either requires pre-hearing disclosure of *all* expected evidence or *limits* evidence at a hearing to that which was contained in the charge. Barrett was found guilty of the misconduct with which he had been charged and does not argue that he received insufficient notice of that charge. Additionally, supplying Barrett with only an 8 ounce cup of water before expecting him to supply an adequate

urine specimen over a period of two hours did not constitute cruel and unusual punishment proscribed by the Eighth Amendment.

Barrett's claim that portions of the disciplinary proceeding violated Indiana state law or prison policy is not cognizable because such claims do not implicate a constitutional right and does not give rise to a claim cognizable on federal habeas review. The "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citation omitted); *see also Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. March 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). As to the evidence which was presented to the hearing officer, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board," *Superintendent v. Hill,* 472 U.S. 445, 457 (1985), and the only way the court could rule in favor of Barrett is to accept his invitation that the court reweigh the evidence—and that is an invitation the court must **reject.** This is because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly

undercuts the reliability of the evidence on which the disciplinary authority relied=on support of its conclusion@(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of Hill is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Barrett to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/21/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JAMES BARRETT
885808
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only